MOTION.

Case 60.

June 9.

Facts of the case.

## Harris vs. Smith.

Appeal from the Floyd circuit; S. W. ROBBINS, Judge.

*Motions against Constables. Limitations. Jurisdiction.*

Judge OWSLEY delivered the opinion of the court.

BETWEEN the years 1817 and 1819, inclusive, Smith placed into the hands of Harris, who was constable of Floyd county, various executions, which issued in his favor against the estate of different persons, from a justice of the peace for that

county. Some of the executions were for more, and many others for less, than five pounds each. Some of the executions were never returned to the justice; others were returned by the constable satisfied, and some again were returned, no property found.

The returns upon most of the executions bear date more than two years before the 19th of March, 1819; and such as have returns upon them, dated within two years of that time, are for less than five pounds.

On the 19th of March, 1819, a notice was drawn up by Smith, addressed to Harris, in which the latter was informed that on a named day of the next term of the Floyd circuit court, the former would move the court for a judgment against him, on account of his delinquency in various particulars, as respects the collection and accounting for the amount of the several executions.

The motion was accordingly made, and judgment rendered by the court in favor of Smith, against Harris, for three hundred and seventeen dollars, fifty-six and one half cents, besides interest and costs.

Various objections, both as to the sufficiency of the notice, and the correctness of the judgment rendered thereon, were taken in argument, most of which, however, need not be noticed, because, admitting the sufficiency of the notice, it is perfectly clear, that the judgment cannot be sustained.

It was erroneous to render judgment on account of any delinquency, either in the constable, Harris, having failed to return his executions above five pounds within due time, or his having failed to pay the amount collected on those executions, because his delinquency in those respects must have happened more than two years before the date of the notice, and after the lapse of two years, no motion can be sustained against him for such delinquency.

And with respect to the executions for less than five pounds, no judgment should have been rendered, not only because some of them were returned, by the constable, more than two years before the

*Margin notes:*

HARRIS
vs.
SMITH.

Notice.

Judgment.

Motion cannot be maintained against a constable, for failing to return an execution, or pay over the money collected on it, after two years.

Circuit courts have not jurisdiction of motions against

HARRIS
vs.
SMITH.

constables
for failing to
return execu-
tions or pay
over money
in cases be-
low five
pounds.

Two or more
such demands
cannot be
united so as
to give the
court juris-
diction.

date of the notice, but because, for a failure to re-
turn those executions in due time, or for not paying
over money collected under them, the constable is
liable to be proceded against before the justice who
issued the executions, and not to a motion in the
circuit court.

It is true, when added together, the amount of
those executions exceeds five pounds; but the default,
in respect to each execution, gave a substantive cause
of proceeding before the justice, and it is not by uni-
ting several substantive causes of action, which are
cognizable before one tribunal, that the jurisdiction
can be translated to another tribunal, which, with-
out such union of causes of action, possess no cog-
nizance of the matter.

The judgment must therefore be reversed with
costs, the cause remanded, and the motion dismiss-
ed with cost.

*Turner* for appellant; *McConnell* for appellee.